**US DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINA: NORFOLK DIVISON**

|  |  |
|---|---|
| CHERYL SMITH,<br><br>Plaintiff,<br><br>– against–<br><br>STILLMAN LAW OFFICE<br><br>Defendant. | Civil Action No.<br><br>**COMPLAINT**<br><br>The Basis of Venue Designated is Plaintiff's Domicile |

## COMPLAINT

Plaintiff, Cheryl Smith (hereinafter "Plaintiff"), by and through her attorneys, the Law Offices of Robert S. Gitmeid and Associates, PLLC ("Gitmeid"), by way of Complaint against Defendant, Stillman Law Office ("Stillman"), alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## PARTIES

2. Plaintiff, Cheryl Smith, is an adult residing in Carrollton, VA.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant Stillman is a law firm engaged in the business of debt collection. Its main office is located at 30057 Orchard Lake Rd, Suite 200, Farmington Hills, MI 48334.

5. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

6. Defendant attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases originally owed to Barclays Bank DE, but ultimately purchased by LVNV Funding LLC.

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

8. On May 28, 2020, Ms. Smith entered into a settlement agreement with Mercury Financial First Bank & Trust ("Mercury") to settle and close her account ending in 0038. A copy of the settlement letter is attached herein as **Exhibit A**.

9. Pursuant to the terms of the settlement, Plaintiff agreed to twelve (12) payments totaling pay $3,167.02.

10. On May 28, 2020, Plaintiff's debt settlement representative provided Mercury with Plaintiff's banking information and preauthorization to process all payments in accordance with the settlement.

11. Eight (8) payments cleared and posted without issued. Proof of payments are attached hereto as **Exhibit B**.

12. On or about January 20, 2021, Plaintiff's debt settlement representative became aware that Mercury did not process a payment in accordance with the agreement in November 2020. Mercury did however process a payment in December 2020 and January 2021.

13. Mercury advised that the last payment they received was in June 2020.

14. Plaintiff's debt settlement representative immediately sent in proof of payments to Mercury.

15. After several follow ups by Plaintiff's debt settlement representative, Mercury stated that they never got the proof of payments.

16. On or about January 2022, Counsel for Plaintiff was advised that the account was sold to Resurgent Acquisitions LLC ("Resurgent").

17. That same day, Counsel called Resurgent but was advised that the account was placed with Stillman.

18. Between January 20, 2022 and June 15, 2022, Counsel contacted Stillman thirteen (13) times and left voicemails requesting a call back. Counsel never received any communication from Stillman.

19. On October 27, 2022, Counsel called Stillman to discuss the account. This call was disconnected. Counsel called back immediately but did not reach anyone.

20. Counsel followed up again on November 3, 2022 and left a voicemail.

21. On December 13, 2022, Counsel reached Stillman. Stillman stated that the balance of the account was $6,938.78. Counsel requested that the settlement agreement be honored, but Stillman denied the request.

22. Gitmeid mailed two letters dated December 15, 2022 and February 7, 2023 to the Defendant outlining the facts and history of the account, settlement documentation, and a request to discuss further. A copy of said letters are attached hereto as **Exhibit C.**

23. Stillman called Counsel, but Counsel was unavailable. Counsel called Stillman back but did not reach anyone and left a voicemail.

24. On February 14, 2023 and April 7, 2023, Counsel called Stillman but did not reach anyone. Each time, a voicemail was left.

25. At all times pertinent hereto, Defendant acted by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

26. At all times pertinent hereto, the conduct of Defendant, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## FIRST CAUSE OF ACTION
(Fair Debt Collection Practices Act)

27. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

28. FDCPA § 1692f(1) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

29. Stillman violated these provisions of the FDCPA by misrepresenting the amount of the debt by stating that the balance is $6,938.78 instead of $1,269.68.

30. Stillman violated these provisions of the FDCPA by misrepresenting the status of the debt as in default when there is an active agreement in place.

31. Defendant violated these provisions of the FDCPA by unfairly refusing to honor a valid settlement agreement.

32. Stillman violated these provisions of the FDCPA by unfairly preventing Plaintiff from completing her end of the settlement agreement.

33. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against Defendant as follows:

1. That judgment be entered against Defendant for actual and statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

2. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

3. That the Court grant such other and further relief as may be just and proper.


Dated: April _17_ , 2023


Respectfully Submitted,

**Law Offices of Robert S. Gitmeid & Associates, PLLC**

By: _____
J Andrew Shuniak, Esq.
Law Offices of Robert S. Gitmeid, P.C.
414 N. 25th Street, PO BOX #7938
Richmond, Virginia 23223
Tel: (571) 201-9021
Email: Andrew.Shuniak@gitmeidlaw.com
*Attorney for Plaintiff Cheryl Smith*