# EXHIBIT C



LAW OFFICES OF
ROBERT S. GITMEID & ASSOC., PLLC

December 15, 2022

Stillman Law Office
30057 Orchard Lake Rd
Suite 200
Farmington Hills, MI 48334

|  |  |
|---|---|
| Re: | Cheryl Smith |
| Creditor: | Mercury Financial First Bank & Trust |
| Account No.: | Ending in 0038 |
| Address: | ███████████████ |

Dear Sir and/or Madam:

Please be advised that this office was retained to represent Ms. Cheryl Smith ("Ms. Smith") with respect to her claims for breach of contract and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") regarding the above-referenced Mercury Financial First Bank & Trust, Mercury Mastercard ("Mercury") account.

On or about May 28, 2020, Ms. Smith, via her debt settlement representative, entered into a settlement agreement with Mercury to settle her Mercury account ending in 0038. Pursuant to the terms of the settlement, Ms. Smith agreed to pay $3,167.02 in twelve (12) payments. The parties agreed that payments began on May 29, 2020 and continued on the 29th day of each month thereafter. The settlement letter is attached for review. On May 28, 2020, Ms. Smith's debt settlement representative called Mercury to provided them with preauthorization to pull all payments due under the agreement. The first eight payments cleared without issued. Attached are the proof of payments for review.

On January 20, 2021, Ms. Smith's debt settlement representative called Mercury as they noticed Mercury failed to pull November's payment. Mercury then advised that the last payment they received was June 2020. The debt settlement representative was advised to send in proof of payments. As requested, the debt settlement representative promptly provided proof of payments.

On or about February 15, 2021, Ms. Smith's debt settlement representative called Mercury to discuss the account. Mercury advised that they did not receive the proof of payments and was advised to re-send them via fax. As requested the debt settlement representative sent in the proof of payments.

Tel (866) 249-1137    30 Wall Street, 8th Floor #741, New York, NY 10005  Fax (212) 412-9005
www.GitmeidLaw.com



LAW OFFICES OF
ROBERT S. GITMEID & ASSOC., PLLC

On April 15, 2021, Ms. Smith's debt settlement representative called Mercury to discuss the account, but was advised that they still did not receive the proof of payments, but they would submit the account for review by a manager.

Between April 23, 2021 and May 28, 2021, Ms. Smith's debt settlement representative followed up with Mercury four (4) times, but Mercury continued to say they did not receive the proof of payments.

On January 20, 2022, Counsel was advised the account was previously sold to Resurgent Acquisitions LLC ("Resurgent"). That same day, Counsel called Resurgent but was advised that the account was placed with Stillman Law Offices ("Stillman").

Between January 20, 2022 through June 15, 2022, Counsel called Stillman thirteen (13) times and left voicemails requesting a call back. Counsel never received any communication from Stillman.

On October 27, 2022, Counsel reached a representative from Stillman. The Stillman representative requested that Counsel send in a POA. In the process of sending the POA, the call disconnected. Counsel called back and did not reach a representative.

Counsel attempted to call Stillman again on October 27 and November 3, 2022. Each time Counsel left a voicemail.

On December 13, 2022, Counsel called Stillman Law. Counsel requested that the settlement agreement be honored, but Stillman refused.

Stillman violated the FDCPA by refusing to honor a valid settlement agreement. Stillman violated the FDCPA by unfairly preventing Ms. Smith from making payments per the terms of the settlement.

As a result of the above violations, Ms. Smith has suffered considerable damages, including actual damages, statutory damages, and costs that are recoverable under the applicable laws. I am sure all parties involved can appreciate the need to address this issue and the need to avoid unnecessary litigation. Under the circumstances, we are willing to resolve this matter as quickly as possible. You have ten (10) business days to respond to this letter. Please be advised that if we do not hear from you in that time frame, this demand shall be deemed withdrawn and we will proceed with further legal process.



## LAW OFFICES OF
## ROBERT S. GITMEID & ASSOC., PLLC

Thank you for your prompt attention to this matter.

Very truly yours,

Andrew Shuniak , Esq.
Associate Attorney
Law Offices of Robert S. Gitmeid
& Associates, PLLC
414 N. 25th Street, PO BOX #7938
Richmond, Virginia 23223
T: (571) 201-9021
E: Andrew.Shuniak@gitmeidlaw.com



## LAW OFFICES OF
## ROBERT S. GITMEID & ASSOC., PLLC

February 7, 2023

Stillman Law Office
30057 Orchard Lake Rd
Suite 200
Farmington Hills, MI 48334

|  |  |
|---|---|
| Re: | Cheryl Smith |
| Creditor: | Mercury Financial First Bank & Trust |
| Account No.: | Ending in 0038 |
| Address: | ██████████████ |

Dear Sir and/or Madam:

We are forwarding you a courtesy copy of the demand letter we sent to Stillman dated December 15, 2022, regarding Ms. Smith's Mercury account ending in 0038. Due to claims of violations of the FDCPA we are formally requesting that you respond to this letter at your earliest convenience. Please contact us by either phone or email as to prevent our client from suffering any further damages or leading into any unnecessary litigation. Thank you for your prompt attention to this matter.

Very truly yours,

J Andrew Shuniak, Esq.
Managing Attorney
Law Offices of Robert S. Gitmeid
& Associates, PLLC
414 N. 25th Street, PO BOX #7938
Richmond, Virginia 23223
T: (571) 201-9021
E: Andrew.Shuniak@gitmeidlaw.com